IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JAY BOLGREN,<br><br>        Plaintiff,<br><br>vs.<br><br>(1) LVNV FUNDING, LLC AND<br>(2) RESURGENT CAPITAL SERVICES, L.P.<br><br>        Defendant. | CIV-14-1027-D<br><br>**VERIFIED COMPLAINT**<br>**(Unlawful Debt Collection Practices)**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S VERIFIED COMPLAINT**

NOW COMES Plaintiff, Jay Bolgren, and for his Verified Complaint against Defendants, LVNV Funding LLC, and Resurgent Capital Services, L.P., alleges as follows:

**INTRODUCTION**

1. Plaintiff states a claim against Defendants for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

> It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendants conduct business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Oklahoma City, County of Oklahoma, Oklahoma.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

## LVNV

8. Defendant LVNV Funding, LLC ("LVNV") is a limited liability company with offices at 625 Pilot Road, Ste. 2, Las Vegas, NV 89119. Although it does or transacts business in Oklahoma, including filing hundreds of lawsuits per year in the Oklahoma court system, it has not registered to do business with the Oklahoma Secretary of State. Defendant LVNV is engaged in the business of purchasing or acquiring, claiming to purchase or acquire, allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

9. Defendant LVNV pays an average of less than 5 cents on the dollar for the debts it purchases.

10. Defendant LVNV then attempts to collect the purchased debts by filing or threatening suits on them and having the putative debtors dunned.

11. Defendant LVNV regularly uses the mails and telephones in its business.

12. Defendant LVNV is a "debt collector" as defined in the FDCPA.

### Resurgent

13. Defendant Resurgent Capital Services, L.P. ("Resurgent") is a limited partnership entity with offices at 15 S. Main St., Suite 600, Greenville SC 29601. It does business in Oklahoma. Its registered agent and office is CT Corporation System, 1833 S. Morgan Road, Oklahoma City, OK 73128.

14. Defendant Resurgent operates a collection agency.

15. Defendant Resurgent holds one or more collection agency licenses.

16. Defendant Resurgent uses the mails and telephones to collect debts originally owed to other entities.

17. Defendant Resurgent is a debt collector as defined in the FDCPA.

### Relationship Between LVNV and Resurgent.

18. Notwithstanding the substantial volume of collection activity in which it engages, LVNV claims that it has no employees. (Statement of Material Facts filed as document no. 69 in *Randall v. Nelson & Kennard*, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

19. All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no. 69 in *Randall v. Nelson & Kennard*, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)). Defendant LVNV stated on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

20. Defendant LVNV also stated on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

21. The above statements continue to describe the relationship between LVNV and Resurgent.

22.     Defendants Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group, the largest debt buyer in the United States.

23.     On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in *Randall v. Nelson & Kennard*, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

## FACTUAL ALLEGATIONS

24.     On or about April 9, 2014, a third-party debt collector, MRS Associates, contacted Plaintiff on behalf of LVNV alleging that Plaintiff owed LVNV for an alleged debt that was purportedly purchased from a third-party company.

25.     Having never heard of either MRS Associates nor LVNV, on or around April 20, 2014, Plaintiff sent a certified and registered letter to MRS Associates, the apparent agent for Defendant LVNV, advising that he didn't recognize its company or its principal, LVNV, and that that he disputed the debt.   MRS Associates received Plaintiff's dispute letter on April 25, 2014.

26.     Upon information and belief, on or about July 28, 2014, Plaintiff called MRS Associates. During this conversation, he was told by MRS Associates that his file had been sent back to LVNV Funding for further collection.

27.     On May 12, 2014, without sending the information to Plaintiff required by 15 U.S.C. 1602g(b), Defendant LVNV continued to collect the alleged debt by adding derogatory information to Plaintiff's credit report.

28.     Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of aggravating Plaintiff's Bipolar disorder,

anxiety and depression, causing Plaintiff panic attacks and loss of sleep, and causing Plaintiff feelings of being overwhelmed and worry.

29. All of the actions of LVNV are actions of Resurgent, and Resurgent is therefore vicariously liable for the actions of LVNV.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

30. Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following:

    a) Defendants violated §1692g(b) of the FDCPA by failing to cease collection of the debt until it provided Plaintiff with verification of the debt by reporting the alleged debt on Plaintiff's credit reports. *See* Letter from John F. LeFevre, Attorney, Federal Trade Commission, Office of the Secretary, to Robert G. Cass, Compliance Counsel, Commercial Financial Services (December 23, 1997), 1997 WL 33791232 (available at <http://www.lb7.uscourts.gov/documents/112-cv-15111.pdf>, and *Edeh v. Midland Credit Mgmt. Inc.*, 748 F.Supp.2d 1030 (D. Minn., 2010); and

    b) Defendants violated §1692c(c) of the FDCPA by continuing to collect the alleged debt from Plaintiff after being advised that he refused to pay the debt when LVNV's agent told Plaintiff to call LVNV to see where his account had been placed for further collection.

**WHEREFORE**, Plaintiff, Jay Bolgren, respectfully prays that judgment be entered against Defendant, LVNV Funding, for the following:

    a) Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

    b) Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

      c)      Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k;

and

      d)      Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591

**PARAMOUNTLAW**
CONSUMER PROTECTION FIRM

4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net