## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

(1) JAY BOLGREN,

                Plaintiff,

                                  CASE NO.: 5:14-cv-01027-D

v.

(1) LVNV FUNDING, LLC AND
(2) RESURGENT CAPITAL SERVICES,
L.P.,

                Defendant.

### JOINT ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

The defendants, LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, L.P. ("Resurgent") (collectively, "Defendants"), as and for their Joint Answer to the Complaint of the plaintiff, Jay Bolgren ("Plaintiff"), deny each and every allegation contained therein, unless otherwise admitted or qualified herein, and state and allege as follows:

    1.    Defendants deny the allegations set forth in paragraph 1 of Plaintiff's Complaint.

    2.    Defendants state that neither paragraph 2 of Plaintiff's Complaint nor any of its subparts contain allegations that require a response from Defendants. To the extent a response is required to the allegations set forth therein, Defendants state that Plaintiff purports to recite the Congressional findings and declaration of purpose in section 1692 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and deny

the allegations therein to the extent, if any, that they misquote or mischaracterize the findings and declaration of purpose.

3. In response to paragraph 3 of Plaintiff's Complaint, Defendants admit that the statute referenced therein confers jurisdiction on this Court, but deny that they violated any law.

4. Defendants lack knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 4 of Plaintiff's Complaint and, therefore, deny the same.

5. Defendants lack knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 5 of Plaintiff's Complaint and, therefore, deny the same.

6. Defendants lack knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 6 of Plaintiff's Complaint and, therefore, deny the same.

7. In response to paragraph 7 of Plaintiff's Complaint, Defendants admit, on information and belief, that Plaintiff owes a monetary obligation. Defendants lack knowledge and information sufficient to either admit or deny the remaining allegations set forth therein and, therefore, deny the same.

8. In response to paragraph 8 of Plaintiff's Complaint, Defendants admit that LVNV is a limited liability company, but deny that it has an office at the address specified therein. Defendants further admit that LVNV purchases and acquires debts originally owed to other parties. Defendants lack knowledge and information sufficient

2

to either admit or deny the remaining allegations set forth therein and, therefore, deny the same.

9. Defendants lack knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 9 of Plaintiff's Complaint and, therefore, deny the same.

10. Defendants deny the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. Defendants lack knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 11 of Plaintiff's Complaint and, therefore, deny the same.

12. Defendants deny the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. In response to paragraph 13 of Plaintiff's complaint, Defendants admits that Resurgent is a limited partnership with an office at the address specified therein. Defendants deny that Resurgent's registered agent in Oklahoma is located at the address specified therein. Defendants lack knowledge and information sufficient to either admit or deny the remaining allegations set forth therein and, therefore, deny the same.

14. In response to paragraph 14 of Plaintiff's complaint, Defendants admits that Resurgent services accounts owned by third parties, and may at times be deemed a collection agency.

15. Defendants admit the allegations set forth in paragraph 15 of Plaintiff's Complaint.

2579278v1

16. Defendants admit the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17. In response to paragraph 17 of Plaintiff's complaint, Defendants admits that Resurgent may at times be deemed a "debt collector" as that term is defined by the FDCPA, but lack knowledge and information sufficient to either admit or deny that Resurgent acted as a "debt collector" in this matter and, therefore, deny the same.

18. In response to paragraph 18 of Plaintiff's complaint, Defendants admits that LVNV has no employees of its own.  Defendants lack knowledge and information sufficient to either admit or deny the remaining allegations set forth therein and, therefore, deny the same.

19. In response to paragraph 19 of Plaintiff's complaint, Defendants admits that at times Resurgent services accounts on behalf of LVNV.  As to the remaining allegations set forth therein, Defendants state that the case filings and LVNV website referenced therein speak for themselves, and deny the allegations therein to the extent, if any, that they misquote, misrepresent or mischaracterize their contents.

20. In response to paragraph 20 of Plaintiff's complaint, Defendants state that the website referenced therein speaks for itself, and deny the allegations therein to the extent, if any, that they misquote, misrepresent or mischaracterize its contents.

21. Defendants lack knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 21 of Plaintiff's Complaint and, therefore, deny the same.

22. Defendants deny the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23. Defendants lack knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 23 of Plaintiff's Complaint and, therefore, deny the same.

24. In response to paragraph 24 of Plaintiff's complaint, Defendants admit that MRS Associates ("MRS") caused a letter to be sent to Plaintiff on or about the date alleged in an attempt to collect a debt from Plaintiff owned by LVNV. Defendants lack knowledge and information sufficient to either admit or deny the remaining allegations set forth therein and, therefore, deny the same.

25. In response to paragraph 25 of Plaintiff's complaint, Defendants admit, on information and belief, that MRS received a letter purportedly from Plaintiff on or about the date alleged, and that the letter was sent via certified mail. Defendants state that the letter referenced therein speaks for itself, and deny the allegations therein to the extent, if any, that they misquote, misrepresent or mischaracterize its contents. Defendants lack knowledge and information sufficient to either admit or deny the remaining allegations set forth therein and, therefore, deny the same.

26. Defendants lack knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 26 of Plaintiff's Complaint and, therefore, deny the same.

27. Defendants deny the allegations set forth in paragraph 27 of Plaintiff's Complaint.

2579278v1

28. Defendants deny the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations set forth in paragraph 30 of Plaintiff's Complaint, and all of its subparts.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of Defendants.

### THIRD DEFENSE

All of Defendants' actions have been in accordance with the FDCPA and any other applicable law.

### FOURTH DEFENSE

Any violation of the FDCPA by Defendants, which Defendants deny, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## FIFTH DEFENSE

Any violation of the law or damages suffered by Plaintiff, which Defendants deny, was due to the affirmative acts or omissions of Plaintiff or others, and does not give rise to any liability of Defendants.

## SIXTH DEFENSE

Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

## SEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to mitigate Plaintiff's damages.

## EIGHTH DEFENSE

Defendants may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendants do not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the claims for damages and certain costs that Plaintiff alleges Defendants may be fully or partially responsible for.  Defendants, therefore, reserve the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged claims for damages and costs, and upon the development of other pertinent information.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for an order and judgment of this Court in their favor and against Plaintiff as follows:

1.　Dismissing all causes of action against them with prejudice and on the merits; and

2.　Awarding them such other and further relief as the Court deems just and equitable.

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　s/*Lysbeth L. George*
　　　　　　　　　　　　　　　　Judy Hamilton Morse, OBA #6450
　　　　　　　　　　　　　　　　Lysbeth L. George, OBA #30562
　　　　　　　　　　　　　　　　CROWE & DUNLEVY
　　　　　　　　　　　　　　　　A Professional Corporation
　　　　　　　　　　　　　　　　324 N. Robinson Ave, Suite 100
　　　　　　　　　　　　　　　　Oklahoma City, OK 73102-8273
　　　　　　　　　　　　　　　　(405) 235-7700
　　　　　　　　　　　　　　　　(405) 239-6651 (Facsimile)
　　　　　　　　　　　　　　　　judy.morse@crowedunlevy.com
　　　　　　　　　　　　　　　　lysbeth.george@crowedunlevy.com

　　　　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANTS**
　　　　　　　　　　　　　　　　**LVNV FUNDING, LLC AND**
　　　　　　　　　　　　　　　　**RESURGENT CAPITAL SERVICES, L.P.**

## CERTIFICATE OF SERVICE

      I hereby certify that on October 31, 2014, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

    Victor R. Wandres        victor@paramount-law.net

                                    s/*Lysbeth L. George*
                                    Lysbeth L. George

2579278v1